UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-25-HRW

JAMES R. PARMLEY,                                          PLAINTIFF,


v.                      MEMORANDUM OPINION AND ORDER


MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits in September 2006, alleging disability beginning on July 29, 2006, due to nerve damage and back surgery (Tr. 98-100).

This application was denied initially and on reconsideration (Tr. 50-51, 52-55, 58-60, 61-63).

On October 23, 2007, an administrative hearing was conducted by Administrative

Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff testified (Tr. 24-32). At the hearing, James H. Miller, a vocational expert (hereinafter "VE"), also testified (Tr. 32-34).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 4, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14- 20).

Plaintiff was 37 years old at the time of the hearing decision (Tr. 19). He has an eighth grade education (Tr. 25-26). His past relevant work experience consists of work as a caretaker at a chicken farm, escort driver and store stocker (Tr. 18-19). The VE

classified Plaintiff's prior work as medium and semi-skilled, sedentary and unskilled and heavy and semi-skilled (Tr. 18-19).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 16).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease of the lumbar sp8ine (status post surgery at L5-S1) and anterior spondylolistheses of L5, which he found to be "severe" within the meaning of the Regulations (Tr. 16-17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 18-19) but determined that he has the residual functional capacity ("RFC") to perform light work with certain exertional and non-exertional limitations, as set forth in the hearing decision (Tr. 17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 10, 2007 (Tr. 6-10).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's

decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

#### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1)

the ALJ did not consider Plaintiff's impairments in combination, (2) the ALJ did not properly evaluate Plaintiff's credibility, (3) the ALJ improperly discounted the opinion of Plaintiff's treating physician, Dr. David Flynn and (4) the hypothetical posed to the VE by the ALJ was inaccurate.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not consider Plaintiff's impairments in combination.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ referred to Plaintiff's impairments "in combination" in his analysis of the severity of the same (Tr. 16). The ALJ also discussed Plaintiff's impairments, both physical and mental, both severe and non-severe , at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 17). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that

the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

Plaintiff's second claim of error is that the ALJ did not properly evaluate his credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

In this case, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were "not entirely credible". (Tr. 18). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.

First, the record shows that Plaintiff's treatment has been conservative. Indeed, following back surgery in August 2006, there has been no contemplation of further surgical intervention.

In addition, post-surgical reports from Plaintiff's treating neurosurgeon Dr. Magdy El-Kalliny reveal that after a bout of pain immediately following surgery, Plaintiff could ambulate well, did not have significant pain and was doing well (Tr. 227, 228). Dr. El-

Kalliny anticipated that he would release Plaintiff to return to work with restrictions in early 2007 (Tr. 230).  Post-surgical radiology reports confirm Plaintiff's progress; an October 2006 MRI revealed no acute abnormalities (Tr. 198), a September 2006 report stated that despite a mild disc bulge, the fusion looked satisfactory (Tr. 198).  Further, Plaintiff's description of his disabling symptoms is not supported by the record. For example, Plaintiff testified that he experiences fatigue as a side effect from his medication (Tr. 27).   Yet, he never reported this to his treating physicians.  In fact, Plaintiff's primary care physician, Dr. David Flynn, noted an **absence** of fatigue in both April and May 2007 (Tr. 224, 255).

Given the inconsistent and contradictory evidence, the Court finds no error in the ALJ's assessment of claimant's credibility.   Indeed, the ALJ's finding is supported by substantial evidence on the record as a whole.

Plaintiff also argues that the ALJ improperly discounted the opinion of Plaintiff's treating physician, Dr. David Flynn.   Specifically, Plaintiff asserts that the ALJ should have deferred to Dr. Flynn's determination that Plaintiff could only lift less than 20 pounds and should have adopted his opinion that Plaintiff is "permanently disabled."

Plaintiff insists that Dr. Flynn limited him to lifting less than 20 pounds. However, this opinion is nowhere to be found in the record.  In May 2007, at Plaintiff's request, Dr. Flynn prepared a note for Plaintiff to present at work.  In doing so, Dr. Flynn made note that Plaintiff's neurosurgeon, Dr. El-Kalliny, limited him to lifting 20 pounds

7

(Tr. 224).  Although there is a notation which reads "for lifting limit of ‹ 20", the reference to Dr. El-Kalliny's note as well as Dr. Flynn's own handwritten note "he is limited to lift 20 lbs" (Tr. 223) show that Dr. Flynn limited Plaintiff to lifting 20 pounds, not less than 20 pounds.

In August 2007, at Plaintiff's behest, Dr. Flynn completed a form for handicap parking.  On the form, Dr. Flynn checked a box indicating Plaintiff is "permanently disabled" (Tr. 137).  The ALJ was correct in disregarding this "remark".   First, Dr. Flynn's "opinion' was rendered in the limited context of obtaining a parking pass.  No where on the form, or in the record, does Dr. Flynn state or even suggest that Plaintiff is incapable of working.  Moreover, it is within the province of the ALJ to make the legal determination of disability.  The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than is past work.   See King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).

Finally, Plaintiff contends that  the hypothetical posed to the VE by the ALJ was inaccurate and, thus, the response to the same cannot be substantial evidence upon which the ALJ can rely in making his decision.

The hypothetical question is proper where it accurately describes a claimant's functional limitations.  Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779. (6th Cir. 1987).  This rule is necessarily tempered by the requirement that the ALJ

incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Plaintiff's argument is this regard is not persuasive. He refers to the VE's testimony that Plaintiff could not work **if** Plaintiff's testimony was deemed fully credible (Tr. 34). As discussed *supra*, the ALJ correctly determined that Plaintiff's testimony was not fully credible. Therefore, the ALJ was not bound to accept this portion of the VE's testimony.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 15, 2008.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge

9